HIGGINS, Justice.
 

 This is an action by the alleged owners of 86.60 acres of land in Acadia Parish, Louisiana, to have three deeds or links in the chain of their title reformed so as to correctly set forth the description of their property. The main defenses in the district court were that there was not mutual error and that the description of the property in the sheriff’s deed sought to be reformed was so indefinite and uncertain that the property could not be located and therefore the sale to the plaintiffs’ ancestor in title was an absolute nullity. There was judgment
 
 *503
 
 in the district court in favor of the plaintiffs as prayed for and all except one of the defendants have appealed.
 

 The defendants, in this Court only, under Act 902 of the Code of Practice, filed a plea of prescription of one, four, and ten years on the ground that the three deeds to the property sought to be reformed are dated respectively June 3, 1897, March 28, 1901 and October 30, 1915, and, therefore, the various prescriptive periods have fully elapsed. The plaintiffs point'out that prescription did not run against them for two reasons: First, because the errors in the descriptions in the deeds were discovered less than one year prior to the time of the filing of this suit; and second, because plaintiffs and their ancestor in title have remained in full,, complete and public possession of the property from the date they acquired it from the defendants’ author in title until the present time without molestation or any adverse claim by the defendants to any rights, title or interest in the property whatsoever.
 

 The record shows that the plaintiffs are the sole heirs of Dr. John A. Haas, who acquired the property in question at public sale on October 30, 1915, in a foreclosure proceeding against Isaac Roos, the defendants’ author in title, and that Dr. Haas and his heirs have remained in undisturbed possession of the property ever since, and have paid the taxes assessed against .the land; that no third person dealing upon the faith of the public record has acquired any rights antagonistic or contrary to those of the plaintiffs’ and this matter is just the same as if it were still between the original parties; that sometime during the year 1938, plaintiffs discovered the error in the description of the property in their deed consisting of the placing therein of the word “or” instead of “and”; that this error came to light only after the land had been leased for minerals, there being no examination of the title prior thereto; and that the present suit was instituted on February 3, 1939.
 

 In the case of Louisiana Oil Refining Corporation et als. v. Gandy et als., 168 La. 37, 121 So. 183, suit was instituted for the purpose of reforming the deed by correcting the description of the property so as to set forth the proper sectional numbers in the place of the erroneous ones. The defendants denied mutual error and pleaded presciption liberandi causa of ten years under Article 3544 of the Revised Civil Code, just as the defendants did in this case. The plaintiffs claimed that prescription did not run because they and their author in title had always been in possession of the property and because the error in the description was only discovered in 1918 and the suit was instituted within ten years thereafter or in the early part of 1927. The court held that the action was a personal one and, as such, subject to ten years prescription under Article 3544, R.C.C., but that prescription did not begin to run until the plaintiffs discovered the mistake or from the time, by the use of due diligence, they could have discovered the information, which would have revealed the error in the description. The court found from the evidence that it was in connection with the mineral lease that the plaintiffs had discovered the erroneous description in 1918
 
 *505
 
 and that they had filed their suit for reformation within ten years thereafter. The court also expressed the view that the running of prescription was barred by the plaintiffs’ possession of the land. This case is in point and decisive of the plea of prescription adversely to the defendants. See, also, Gautreaux et al. v. Harang et al., 190 La. 1060, 183 So. 349; Mims et al. v. Sample et al., 191 La. 677, 186 So. 66; and Snelling v. Adair, 196 La. 624, 199 So. 782.
 

 With reference to the merits of the case, it appears that Mrs. Jeannette Roos Haas and Mrs. Nathalie Haas Hirsch are the sole heirs of Dr. John A. Haas and owners of 86.60 acres of land in Acadia Parish. Dr. John A. Haas, deceased, purchased the property at sheriff’s sale in a foreclosure proceeding against Isaac Roos on October 30, 1915, the land being described as “Lots 3 and 4 or the SE% of the NEJ4 of Section 13, * * * containing 86.60 acres.” The typographical error consists of the placing of the word “or” instead of “and” in the description and this is made apparent because Lots 3 and 4 and the S.E.J4 of the N.E.^ of Section 13 are different pieces of land and, separately, do not contain the 86.60 acres of land, which were conveyed, but, jointly, they do contain exactly that number of acres, Lots 3 and 4 containing 46.84 acres and S.E.^ of N.E.14 containing 39.76 acres.
 

 The present suit is against the vacant succession of Alphonse Levy, the liquidators of the firm of J. Meyers & Company, Opelousas Mercantile Company, Ltd., the heirs of Isaac Roos, and Walter V. Larcade, sheriff of Acadia Parish.
 

 The property to which the plaintiffs claim title is correctly described as follows: Lots 3 and 4 and the S.E.J4 of the N.E.J4 of Section 13, Township 7 South, Range 2 West, Acadia Parish, Louisiana. The three respective deeds in the plaintiffs’ chain of title containing the erroneous descriptions sought to be corrected are as follows:
 

 (a) Deed from the succession of Alphonse Levy and the liquidators of J. Meyers & Co., to Opelousas Mercantile Company, Ltd., dated June 3, 1897, and describing Lots 3 and 4 and the S.E.^ of the N.W.^ (instead of N.E.%) of Section 13.
 

 (b) Deed from the Opelousas Mercantile Company, Ltd., to Isaac Roos, dated March 28, 1901, and describing Lots 3 and 4 or (instead of “and”) the S.E.14 of the N.E.14 of Section 13.
 

 (c) Judicial sale from Isaac Roos to Dr. John A. Haas (the plaintiffs’ ancestor), dated October 30, 1915, and also describing Lots 3 and 4 or (instead of “and”) the S.E.J4 of the N.E.J4 of Section 13.
 

 The sheriff, the liquidators of the firm of J. Meyers & Co., and the representative of the vacant succession of Alphonse Levy filed pro forma answers requiring strict proof to be made by the plaintiffs of the allegations contained in their petition. They did not offer any evidence to contradict that adduced by the plaintiffs. The heirs of Isaac Roos and the Opelousas Mercantile Company, Ltd. (owned by them) filed a joint answer wherein the company admitted that it acquired title to all of the property in controversy, notwithstanding the erroneous description in their deeds, and the heirs of Isaac Roos averred that
 
 *507
 
 they acquired title to the whole of the property from their co-defendant under the same erroneous description, but they denied that the deed which transferred the land under an identical description to Dr. John A. Haas was valid. These two defendants, in reconvention, asked that they be declared the owners of the property and asked for citation against the Atlantic Refining Company, as a mineral claimant, but this company was never cited and it is, therefore, not before the Court'. The reconventional ■demand was rejected by the trial judge.
 

 The plaintiffs introduced in evidence the records of Acadia Parish, which clearly show that the description of the property in each of the three instruments was erroneous and that obviously the parties intended to describe the land now claimed and possessed by the plaintiffs. It was also established that the plaintiffs and their ancestor in title have paid taxes on the property for more than 20 years and that they have exercised various acts of physical possession of the tract of land now in dispute.
 

 There can be no doubt that there was a mutual error in describing part of the property as the S.E.% of the N.W.14 because the defendants and their author in title did not own any land which would fit the erroneous description but, on the contrary, ■owned the correctly described land which plaintiffs and their ancestor in title acquired and possessed. Furthermore it was also shown that there is no land in Section 13 that can be described as S.E.% of N.W.14 as Section 13 is irregular.
 

 The heirs of Isaac Roos and the Opelousas Mercantile Company, Ltd., in their answer, stated that it was only a technical error in the deed by which Isaac Roos acquired the property and specifically labelled the placing of the word “or” instead of “and” in the description as “a purely typographical error.” It is too clear to admit of dispute that this same technical or typographical error was carried into the description of the property when Dr. Haas acquired it in 1915 at sheriff’s sale. The error was made because the foreclosure suit against Isaac Roos was on vendor lien notes and the description in the act of sale by which Roos acquired the property contained this same error.
 

 This case is very similar to the case of Waller v. Colvin et al., 151 La. 765, 92 So, 328, 333. In that case, the court pointed out that the plaintiff’s author in title, who was one of the defendants, had acquired the property through the same erroneous description under which she sold it. The court observed:
 

 “When it is considered that Mrs. Mary E. Pearson acquired title to the 23 acres by the same erroneous description by which she sold to Colvin and Colvin sold to Waller, it is clear that she cannot claim under a deed of that description, without admitting that, by the same description, the land passed to Colvin and from Colvin to Waller. Garrett v. Spratt, 131 La. 707, 60 So. 199.”
 

 In the case of Sharpe v. Hayes, La.App. First Circuit, 171 So. 862, 864, the court said:
 

 “If the defendant did not think that he owned the S.% of the S. W.J4 of S. W.% of Section 12, it can hardly be presumed
 
 *509
 
 that he intended to mortgage it, as it is not to be presumed that he intended to commit a fraud by granting a mortgage on property which he did not own. Waller v. Colvin, 151 La. 765, 92 So. 328.”
 

 In the instant case, since the defendants’ author in title did not own and could not own the land described as the S.E.% of the N.W.1^ of Section 13, but did own the S.E.y4 of the N.E.]4 of Section 13, to say that he did not intend to sell the land he actually owned but meant to sell land that he did not own or that did not exist, would be saying that he attempted to commit a fraud by selling property which either belonged to someone else or did not exist, instead of his own.
 

 It is our opinion that the overwhelming evidence shows that these were mutual errors in the description of the property and that the plaintiffs are entitled to have the deeds reformed so as to conform to the true intention of the parties.
 

 The exceptions of no right and no cause of action and which were referred to the merits by the trial judge were based upon the ground that the description of the property was so uncertain and fatally defective in the advertisement and sheriff’s deed to Dr. Haas that the property could not be located and, therefore, the sale'was an absolute nullity. The record of the title of the property, as well as the evidence dehors the record title, clearly show that the property can be readily located and that this was actually done by the plaintiffs and their ancestor in title taking possession of the land. This evidence was objected to but was admissible under the law. Snelling v. Adair, supra.
 

 The right to attack the title on the ground of improper advertisement because of the erroneous description caused by the typographical error is prescribed by two years (formerly five years) under Article-3543 of the Civil Code. Walling’s Heirs v. Morefield, 33 La.Ann. 1174; Ernest Realty Company, Inc., v. Hunter Company, Inc.,. 189 La. 379, 179 So. 460, and Jackson et al. v. Brewster et al., La.App., 169 So. 166.
 

 The defense that reformation can only be allowed of the immediate deed between the parties or the Act of October 30,. 1915, and not the other two acts of sale, is, without merit.
 

 In the case of the Louisiana Oil Refining Corp. et al. v. Gandy, supra [168 La. 37, 121 So. 187], the court said:
 

 “The fact that plaintiffs are the owners, and the lessees (respectively) of the property in dispute gives them the right to reform the deed by which their author held by having the description corrected.” (Parentheses ours.)
 

 The case of Waller v. Colvin, supra, is, also in point, because there, the Court corrected two deeds in the chain of title in a single action to reform.
 

 The plea of laches passes out of the case because we have already overruled the plea of prescription. But, in passing, we will say that the'Opelousas Mercantile Company, Ltd., allowed thirty-eight years to lapse and the heirs of Isaac Roos waited twenty-three years before they attacked the
 
 *511
 
 judicial sale to Dr. John A. Haas and then only did so after the plaintiffs had sought to have the erroneous description corrected.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellants’ costs.
 

 O’NIELL, C. J., and LAND J., absent.