FOURNET, Chief Justice.
Cologero Scorsune is seeking to recover from the state, through its Department of Highways, the sum of $6,250 as compensation for the reduction in value of property owned by him fronting on the Shreveport-Bossier State Highway, Route No. 4, by reason of the appropriation of a strip from this property when the highway was widened and improved in 1952, the appropriation purportedly having been made under authority granted by him in a deed executed in 1931, which deed he claims to be null and without effect in that it describes no specific property conveyed, was without consideration, and without mutuality of consent.
This case was before us formerly on appeal from the judgment of ther district court sustaining the state’s exceptions to the jurisdiction and of immunity from suit, which judgment we reversed. See, 224 La. 1031, 71 So.2d 557. Following our remand, the state .answered, placing full reliance on the 1931 deed, and also on various pleas of prescription. At that time the plaintiff amended his petition, increasing his demand from $5,000 to $6,250, and pleaded, in the *257 alternative, that if we found the 1931 deed sufficient to convey a right-of-way to the property appropriated, then the right therein granted, being a mere servitude, had prescribed and become extinguished for nonuse for ten years. The state is appealing from a judgment awarding him ■compensation in the amount of $5,000.
The record discloses that on June 14, 1924, Scorsune purchased for $100 Lots 4 and 5 of Block 5 in the McCormick Annex of Bossier. City, Louisiana,[1] as open and unimproved property, the tract then forming a rectangle measuring 176.09 x 150 x 96.15 x 5.54 feet. In 1931, preparatory to work on Project No. 1801-B, covering approaches to the Red River bridge, the highway department secured from Scorsune a deed dated May 16, 1931, .granting to the state a right-of-way across .a portion of this land having a width of 40 feet from the center line of the proposed 20-foot concrete highway, which was to run along East Texas street, one of the boundaries of the plaintiff’s property. The •consideration for the deed is therein recited as the “benefits, uses and advantages accruing” to Scorsune by reason of the location of the bridge connecting Bossier City with Shreveport at this point. The deed was duly recorded in the public records. The 20-foot concrete highway was accordingly constructed, along with gravel shoulders on each side and a drainage ditch, and it has been continuously in use and maintained by the highway since that time.
In 1952 the road was widened and improved by adding some 15i/£ feet on each side of the former 20-foot roadway with a median strip in the center for the division of traffic, as well as sub-surface drainage and an abutting sidewalk. As a result, the plaintiff now has an unimproved tract triangular in shape consisting of a frontage of some 83 feet on East Fourth street, 68 feet on Colquitt street, and 100 feet on East Texas street.
It may thus be seen that there is no merit to the contention that this deed was executed without consideration, and it is also obvious that the deed is one translative of title. The fact that the exact property over which the right-of-way was granted is not described in detail in the deed itself is immaterial since it was easily susceptible of identification and location by extrinsic evidence. See, Snelling v. Adair, 196 La. 624, 199 So. 782. And although the plaintiff is an uneducated Italian immigrant who has little knowledge of the English language, we think the record clearly and unmistakably discloses that when he executed the right-of-way deed in 1931 he knew and understood fully the purpose thereof and the use to which it was to be put: He further knew that the right-of-way was actually used for that *259 purpose, for in 1933, following the- completion of the highway, he caused a letter to be addressed to the highway department in which he unqualifiedly acknowledged having executed the right-of-way deed in favor of the state but claimed it had been for a 10-foot strip from Lots 4 and 5, whereas the engineers “made a curve on said Street which takes 25 feet off Lot 5 and 20 feet off of 4.” And despite the fact that in reply the department advised he had dedicated a strip 40 feet wide from the center of the highway where it crossed his property, and referred him to the recorded deed, he took no steps to have the same reformed, and that question is now foreclosed by the prescription of ten years. Article 3544 of the LSA-Civil Code. See, also, Louisiana Oil Refining Corp. v. Gandy, 168 La. 37, 121 So. 183; Haas v. Opelousas Mercantile Co., 197 La. 500, 2 So.2d 3; and Antley v. Smith, 219 La. 525, 53 So.2d 401.
Under the facts of the case also, the plea of prescription liberandi causa of ten years is not available to the plaintiff. In any event it is untenable, for under the express provisions of the Louisiana Constitution of 1921-LSA, “Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law”, Section 16 of Article XIX, and LSA-R.S. 48:226 specifically provides that “Prescription does not run against immovable property or rights thereto legally acquired by the department [of highways] for use as rights of way for public highways.”
For the reasons assigned, the judgment appealed from is annulled and set aside, and the suit is dismissed at the cost of the plaintiff.

. The record shows that while the plaintiff owned other property in Bossier City, this was the only property owned by him that is located on East Texas street, which was the route of Highway No. 4.