For the reasons assigned, the judgment appealed from is affirmed.

111 So.2d 771

Mrs. Maggie Johnson MERRITT

v.

Mrs. Nina Candler HAYS.

No. 43724.

April 27, 1959.

Rehearing Denied June 1, 1959.

Goff & Caskey, Arcadia, Waltman & Napper, Ruston, for plaintiff-appellant.

Campbell, Campbell & Marvin, Minden, for defendant-appellee.

PONDER, Justice.

In this suit plaintiff sought partition by licitation of a certain tract of land described as follows, viz.: "E½ of Block 14 N, less a lot described as beginning at the Northeast corner of said Block, running West along the line between Hays property and the W. J. Colbert lands a distance of 135 feet, thence North 135 feet to the point of beginning, said lot fronting on Gibsland-Athens Highway" located in the Town of Gibsland in Bienville Parish. The defendant took the position that the plaintiff does not own any interest in the property sought to be partitioned. In reconvention, the defendant averred that this property was sold to S. J. Hays, her deceased husband, by Mrs. Margaret V. Johnson, mother of plaintiff, on December 10, 1929, but that through mutual error and mistake the property intended to be conveyed was erroneously described and that it was the intention of Mrs. Johnson to sell and of Hays to purchase the interest of Mrs. Johnson in the property sought to be partitioned. It is further urged in reconvention that because of mutual error and mistake this property was omitted from the deed or erroneously described as Block CN; that Hays lived on the property sought to be partitioned, paid the taxes, constructed a house thereon and that, therefore, the plaintiff is estopped to assert any interest in the property. The defendant asks for reformation of this deed so as to show that Hays acquired all the interest of Mrs. Johnson in the property sought to be partitioned. In the further alternative, the defendant seeks to be paid, out of the proceeds derived from the property, the value of the house Hays erected on the premises. The plaintiff interposed a plea of 10 years prescription to the demand for reformation of the deed. Upon hearing, the lower court sustained the plea of 10 years prescription and held that the proof to support the reformation of the deed was insufficient. The judgment decreed the improvements situated on the property to be owned by the defendant. The court further held the plea of estoppel without merit and ordered the property sold to effect the partition with the improvements to be appraised separately.

The plaintiff has appealed contending that it was error to hold the defendant entitled to the proceeds derived from a separate appraisement of the house located on the property. The defendant has answered the appeal contending that the deed should

be reformed and that the plea of prescription is not applicable because Hays was in possession of the property.

It is the contention of the defendant that the following description in the deed, which also conveyed other property, should be reformed: "Also Block CN of the Town of Gibsland, Bienville Parish, Louisiana, as per plat and survey of said town on file in records of said parish, together with all improvements thereon." so as to include and describe therein the following: "The East One-Half of Block 14 N in the Town of Gibsland, Bienville Parish, Louisiana."

The record shows that the East One-Half of Block N was owned one-half each by Mrs. Margaret V. Johnson and S. J. Hays. Upon Hays' death, his wife, Mrs. Nina Candler Hays, by will, became the universal legatee and in the succession proceedings filed by Mrs. Hays there was listed "E½ of Block 14 N and Block CN of the Town of Gibsland, Louisiana." (less a lot sold to Annie Scott and Walter Scott by Hays on March 15, 1947). The plaintiff herein, daughter of Mrs. Johnson, and only heir, claims one-half of the E½ of Block 14 N by virtue of inheritance from her mother. The defendant claims to be the sole owner of E½ of Block 14 N by virtue of the deed of December 10, 1929, in which she contends Mrs. Johnson intended to convey to S. J. Hays her one-half interest in

the East ½ of Block 14 N instead of Block CN as described in the deed.

The record also shows that the deed of December 10, 1929, was not recorded by S. J. Hays until May 8, 1937. Hays died on April 15, 1953, and lived on the property until his death. The present suit was filed May 27, 1954, in which reformation of the deed is claimed by the defendant.

As to the plea of prescription, S. J. Hays and Mrs. Johnson each owned half of the property in dispute and, upon Mrs. Johnson's death, Hays continued to live on the property as a co-owner. Defendant answers plaintiff's plea of ten years prescription with the contention that the possession of Hays interrupted the running of prescription.

The case of Agurs v. Holt, 232 La. 1026, 1031, 95 So.2d 644, 645, correctly sets out the rules of law in regard to reformation, the time for the commencement of prescription, and the law in regard to the running of prescription, viz.:

"The law respecting reformation of instruments is well settled here and elsewhere. It is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. See Ober v. Williams, 213 La. 568, 35 So.2d 219, citing 45 Am.Jur.

Sec. 45 et seq. It is a personal action, even when applied to real estate (see Louisiana Oil Refining Corporation v. Gandy, 168 La. 37, 121 So. 183), in which the burden is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof, parol evidence being admissible for this purpose. Waller v. Colvin, 151 La. 765, 92 So. 328; Smith v. Chappel, 177 La. 311, 148 So. 242; Fair v. Williams, 187 La. 953, 175 So. 631 and Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649. Hence, it follows that the instant case presents for determination mainly a question of fact, bearing in mind that plaintiff carries the burden of proof and that the evidence of mutual error must be strong and convincing. * * *

" * * * While it is settled that an action for reformation of a deed is a personal action and, hence, is governed by prescription provided by Article 3544 of the Civil Code, it is equally well established that this prescription does not begin to run against the party having the right to seek reformation until the error or mistake is discovered by him or should have been discovered by the use of due diligence. See Louisiana Oil Refining Corporation v. Gandy, supra; Haas v. Opelousas Mercantile Co., 197 La. 500, 2 So.2d 3 and Antley v. Smith, 219 La. 525, 53 So.2d 401."

In the case of Crowell & Spencer Lumber Co. v. Hawkins, 189 La. 18, 24, 179 So. 21, this Court stated that proof of mutual error in a suit to reform must be clear and the strongest proof possible should be produced. Citing Palangue v. Guesnon, 15 La. 311 and Gladdish v. Godchaux, 46 La.Ann. 1571, 16 So. 451. In the Crowell case it was said: "In these circumstances we do not see how it can be conclusively stated that the contracting parties intended anything but what was written in the contract. Therefore there can be no reformation of the deed for error." [189 La. 18, 179 So. 23.] Citing Lattimer's Heirs v. Gulf Refining Co., 146 La. 249, 83 So. 543.

It was held in Antley v. Smith, supra, that prescription does not run as long as possession of the land is exercised. In the present case the trial judge said: "We hardly see how one in possession could adversely affect the rights of the other person unless he exercised adverse possession."

In the present suit, even if it be said that S. J. Hays did not know of the alleged error in 1929, the error was apparent when Hays had the deed recorded in 1937. Since he himself recorded this deed it must be assumed that he knew of the description therein. But be that as it

may, there is not sufficient evidence to support the reformation of the deed.

On the question of error or mutual mistake, the evidence is conflicting. The parties to the deed, Mrs. Johnson and Hays, are dead. The notary stipulated without testifying that he has no recollection of the transaction. The other witnesses produced were not parties to the deed but people who supposedly heard Mrs. Johnson refer to the fact that she had given Hays, her nephew with whom she lived, her home. There is conflict as to what Mrs. Johnson meant by her "home." The piece of property described in the deed was the old home of Mrs. Johnson that she knew as a child. We cannot say with certainty that Mrs. Johnson meant any other "home."

■■ The contention of estoppel urged by defendant is without merit. It is her contention that by her silence and inaction, the plaintiff is now estopped to make any claim to any interest in the property, since she knew that the property was assessed to Hays, he paid taxes thereon, and lived on the property. This Court has too often held that one cannot lose or acquire real estate through estoppel. Mere silence and delay cannot cause loss of title to property except by the effect of the laws of prescription. Dileo v. Dileo, 217 La. 103, 46 So.2d 53 and the cases cited therein.

■ The law is well settled that in cases of reformation the courts should exercise great caution and require a high degree of proof, especially when death has sealed the lips of the original parties. 76 C.J.S. Reformation of Instruments § 84, p. 454. In this case the only living witnesses are the notary, who could not testify since he recalls nothing, and Mrs. Pearl Pumphrey, a witness to the sale. A reading of her testimony shows that it is inconsistent when she states positively that Mrs. Johnson said she wanted Sam (Hays) to have her home. She testified that the deed positively stated that Mrs. Johnson was giving her one-half interest to Sam which would only mean her one-half interest in Block 14 N since Mrs. Johnson only owned one-eighth in Block CN. But upon examination of the deed Mrs. Pumphrey discovered that deed did not say anything about one-half but merely "Also Block CN". She was apparently confused since the description of Block 14 N is the East ½ of Block 14 N.

The testimony of Mrs. Alice Hart, Alberta Wilson and Zorita Lyons is hearsay and deals with what was said by Mrs. Johnson after the confection of the deed.

As pointed out by the plaintiff, the defendant is not trying in this suit to correct a mere clerical error in the description but rather is attempting to have the court decree her owner of property that was not contained in the deed. This is not the situation of a clerical error (as in Brulatour v. Teche Sugar Co., 209 La. 717, 25 So.2d 444; Nelson, Curtis & Nelson v. Bridge-

man, 152 La. 190, 92 So. 855; Waller v. Colvin, 151 La. 765, 92 So. 328) but the situation herein is more like the cases of Lattimer's Heirs v. Gulf Refining Co., 146 La. 249, 83 So. 543 (where it was contended that the description of 80 acres was omitted from the deed and should have been included) and Federal Land Bank of New Orleans v. Bankston, 196 La. 146, 198 So. 886 (where the plaintiff sought to have the description in a mortgage reformed so as to include property other than the property described therein) wherein this Court refused to reform a deed and a mortgage.

The following quotation from the case of Ker v. Evershed, 41 La.Ann. 15, 6 So. 566, 567, is appropriate herein:

"* * * reason and authority require that before such relief (reformation) can be afforded there must be very clear proof of the different antecedent agreement, and of the error in committing it to writing. * * * Cases may be found and are quoted by plaintiffs' counsel in which circumstances such as those here relied on have been given weight in interpreting ambiguous contracts and in determining the true meaning of ambiguous descriptions of property. Others exist in which even contracts unambiguous on their face have been corrected on clear proof that the parties had actually entered into a different contract which they had intended to embody in the writing drawn, but which, through error or fraud, the writing did not correctly set forth. But no case can be produced in which an unambiguous written contract has been set aside or substantially reformed on circumstantial evidence so slight as that here presented, urged only after the lapse of 19 years, and after the death of every party to the transaction. Ambiguous contracts may be explained and controlled by unambiguous circumstances; but unambiguous contracts cannot be destroyed by ambiguous circumstances."

The plaintiff contends that the lower court was in error in holding that the improvements located on the property were constructed and paid for by Hays. We have examined the evidence and find that his conclusion in this respect is correct. There is no evidence in the record whatsoever that Mrs. Johnson contributed any funds towards the construction of these improvements; in fact, the evidence shows that she had no funds with which to make a contribution to that end.

For the reasons assigned, the judgment is affirmed.