393 So.2d 805 (1981)
Jimmie B. McATEER, Plaintiff-Appellant,
v.
James T. McATEER, Defendant-Appellee.
No. 14386.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
*806 Bodenheimer, Jones, Klotz & Simmons by David Klotz, Shreveport, for plaintiff-appellant.
*807 Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendant-appellee.
Before PRICE, HALL, and MARVIN, JJ.
PRICE, Judge.
This proceeding concerns the ownership of certain real estate acquired in equal proportions by James T. McAteer and his business partner, Margie Rose, during the marriage of James McAteer and Jimmie McAteer. The community formerly existing between the McAteers was dissolved on September 22, 1978, at which time record title to the real estate was vested in the name of Mr. McAteer and Mrs. Rose. This suit to partition the community assets owned by the McAteers was filed on behalf of Mrs. McAteer, who alleges that an undivided one-half interest in this real estate is community property. Subsequent to the filing of this suit, Mr. McAteer filed of record an instrument dated April 3, 1974, which purports to have transferred all the assets, including land and building, owned by M & M Tile Sales, a partnership between McAteer and Rose, to M & M Tile Sales, Inc., a corporation in which McAteer and Rose are the sole shareholders.
The issue thus presented to the trial court was whether an undivided one-half interest in the land and improvements in question is owned personally by McAteer, in which case Mrs. McAteer would have an undivided onefourth interest in the property, or is owned by the corporation, in which case Mrs. McAteer's rights would be relegated to her interest in stock of the corporation.
The trial court found that it was the intent of the parties to have transferred this property to the corporation by the instrument executed on April 3, 1974. Judgment was rendered recognizing that title was in the corporation, and that the instrument be reformed to more adequately describe the real property transferred.
Plaintiff has appealed this judgment contending the trial court erred: (1) in finding that the 1974 document was a completed sale when it was only a promise to sell; (2) in failing to hold that the intervening rights of appellant precluded reformation of the document; and (3) in failing to hold that appellant was the owner of an undivided one-fourth interest in the real estate and entitled to partition by licitation.
It was established at trial that on May 24, 1968, Mr. McAteer and Mrs. Rose acquired the real estate as vendees "d/b/a M & M Tile Sales." In April of 1974 these two parties formed a corporation and executed the document dated April 3, 1974, declaring their intent to convey to this corporation all the assets owned by the partnership in exchange for the shares of stock.
Attached to this document was an extract of the minutes of the first meeting of the Board of Directors and Stockholders of M & M Tile Sales, Inc., accepting the transfer and a balance sheet showing all assets of M & M Tile Sales located at 3400 Mansfield Road. This attachment specifically listed "land-building site" and "building and improvements." Also attached was a balance sheet showing the liabilities of M & M Tile Sales and a depreciation schedule which again made reference to the land and building.
Appellant contends the April 1974 agreement was merely a promise to sell and not a completed sale which legally vested title to the real estate in the corporation. She relies on certain language in the instrument by which the parties agreed to sign "all of the necessary deeds, title transfers, documents, etc. to complete transfer of title to all of the property or assets listed on instrument attached." She also contends the written agreement in question cannot be construed as a sale because it fails to meet the three requirements of La.C.C. Art. 2439 for a valid contract of sale: the thing sold, the price, and the consent. Appellant contends the first two essentials are lacking in this instrumentthere is no legal description contained in the written agreement to identify the "thing," nor is there a certain or ascertainable price stated in the instrument.
Lastly, appellant contends the trial court erred in admitting extrinsic or parol evidence *808 to show the intent of the parties to the notarial act in question.
These arguments advanced by appellant might have merit were she a third party whose rights were being adversely affected. Appellant is not a third party to the 1974 agreement. She was married to and living with McAteer in 1974, and the property in question belonged to the community in existence at that time. McAteer was acting with full authority as agent and head and master of the community at the time he executed the agreement.
In the absence of fraud on the part of her husband, appellant would be privy to the transaction and bound by it. There is not even the slightest indication that the transaction was made in fraud or derogation of appellant's community property rights. The record shows it was a normal business transaction done at an unsuspicious time several years prior to the separation between the McAteers. It is immaterial that the instrument was inadvertently not recorded until after this action was filed as the public records doctrine is of no concern under the circumstances presented here.
There has been no error shown on the part of the trial court in allowing parol or extrinsic evidence to show the intent of the parties as to whether the real estate in question was a partnership asset being transferred to the newly formed corporation and as to whether McAteer and his partner, Mrs. Rose, intended to convey their real estate to the corporation at the time of execution of the 1974 agreement. The record shows this evidence was admitted without objection. In any event it is an elementary rule that as between the parties to an agreement parol evidence is admissible to explain the true intent of the parties where there is an ambiguity between the various provisions of a written agreement. As the subject instrument contained language of present conveyance,[1] as well as contradictory wording relative to the necessity for execution of additional future transfers to carry out the agreement, parol evidence was properly admitted to establish that the parties intended for all assets including the real estate to have been immediately transferred by the execution of the 1974 agreement.
We also find the agreement made sufficient reference to the location of the real estate by municipal number to easily ascertain it was included in the assets intended to be transferred.
It is a settled rule of law in this state that if a portion of the description of property in a deed is either erroneous or misleading, it is nevertheless susceptible of conveyance if the property intended to be conveyed by the parties can be ascertained with certainty by the aid of such extrinsic evidence as is admissible under the rules of evidence. (citations omitted) White v. Phillips Petroleum Company, 232 So.2d 83 (La.App. 3d Cir. 1970), writ refused 233 So.2d 560 (1970).
There is little question that the parties did intend to consummate the transfer of all assets including the partnership property where the business was located to the corporation by the execution of the subject written agreement. The accountant who prepared and notarized the instrument testified that such was the intent. This intent is further corroborated by the fact that the corporation immediately thereafter commenced payment of all taxes, insurance, and mortgage payments on the real estate.
We further find the recitation in the instrument that all assets of the partnership were transferred in consideration of the issuance of the 1,000 shares of capital stock, valued at $25,000, in equal portions to McAteer and Mrs. Rose, to comply with the codal requirement that a sale be for an ascertainable price.
The equity of the partners in the land and improvements could be determined from the attached valuation of assets, statement of liabilities of the partnership, and the depreciation schedule.
*809 We therefore find that the evidence as a whole establishes a sale of the real property at issue was effected by the execution of the written agreement on April 3, 1974.
We also find the equitable remedy of reformation of the instrument is applicable in this case to have the instrument describe the real estate by the accepted legal description to conform to the true intent of the parties.
... Reformation of instruments is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. It is a personal action, even when applied to real estate, in which the burden is on the one seeking reformation to establish the mutual error or mistake by clear and convincing proof, parol evidence being admissible for this purpose. Evidence of mutual error must be strong and convincing. Merritt v. Hays, 237 La. 557, 111 So.2d 771 (1959); Pipes v. Pipes, 343 So.2d 329 (La.App. 2d Cir. 1977).
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
NOTES
[1] "grant, bargain, sell, convey, and deliver unto M & M Tile Sales, Inc."