PRICE, Judge.
In this suit the plaintiffs, Karey Hollings-worth and Coca Edwards, seek to reform an act of sale of a certain tract of land from them to Thadjius Edwards (defendant). It is alleged that through error and mutual mistake the property description in the deed dated August 31, 1972, describes a tract of land plaintiffs did not intend to sell nor defendant to buy. In the alternative the plaintiffs seek a rescission of the sale on the grounds of mutual mistake.
The plaintiffs’ demand to reform the deed was rejected by the trial court because the land allegedly intended to be sold had been sold for unpaid taxes prior to the date of execution of the deed at issue. The trial court further held that plaintiffs had failed to satisfactorily explain why they executed an act of sale conveying to defendant the tract described in the deed if they in fact intended to convey other property. Plaintiffs appeal the dismissal of their suit contending that the trial court erred in failing to annul the sale on the grounds of error or in the alternative to reform the deed. For the reasons hereinafter assigned the judgment appealed is affirmed.
The primary issue on appeal is whether the plaintiffs have carried their burden of proving that the plaintiffs did not intend to sell and defendant did not intend to buy that property described in the deed of sale dated August 31, 1972.
Henry Edwards died intestate in Winn Parish in October 1970 survived by four children, one of whom is the defendant herein, Thadjius Edwards. At the time of his death, Henry Edwards owned a tract of land in Section 5, T 11 N, R 3 W, Winn Parish, Louisiana (the Edwards tract).
On November 19, 1970, plaintiffs purchased for $600 an undivided half interest in the Edwards tract from Nazerine and Darnell Edwards (defendant’s brothers and two of the surviving four children of Henry Edwards.) The property description in the deed was as follows:
ALL OF OUR UNDIVIDED INTEREST (being a Vi Interest) (Vi Interest each) in and to The Northeast Quarter of the Southeast Quarter of Northeast Quarter (NE Vi of SE V4 of NE Vi), Section Five (5) Township Eleven (11) North Range Three (3) West, La. Mer. Winn Parish Louisiana together with all improvements situated thereon.
At the time of his father’s death, defendant was living in Michigan. Upon visiting Winn Parish in December 1970, he learned of the sale whereby his two brothers had sold their interest in the Edwards tract to plaintiffs. Defendant expressed an interest in purchasing from plaintiffs the undivided half interest in the Edwards tract that they had purchased from defendant’s brothers. The parties apparently reached an agreement whereby the plaintiffs would convey to defendant their interest in the Edwards tract for the same consideration they had given, i. e., $600. No' money had changed hands and the deed had not been prepared when defendant left Winn Parish in December 1970 and returned to Michigan. It was not until January 1972 that defendant mailed the purchase price to plaintiffs. In September or October 1972 defendant received a deed dated August 31,1972, wherein plaintiffs conveyed to defendant for $600 a tract of land in Section 4, T 11 N, R 3 W, Winn Parish, Louisiana, described in the deed as follows:
The West Half (W Vi) of North Half (N Vi) of Southwest Quarter (SW Vi) of Northwest Quarter (NW V4), Section 4, Township 11 North, Range 3 West, Winn Parish, Louisiana, containing ten (10) acres more or less.
*36 (Hereinafter referred to as the “Booker tract.”)
The Edwards tract, which was the object of the oral agreement entered into between plaintiffs and defendant in December, 1970, had been assessed for tax purposes in the name of Henry Edwards. The taxes for 1970 had not been paid and the entire 10 acres were sold at tax sale on June 21,1971, for nonpayment of the 1970 taxes to a buyer not a party to these proceedings. At the time of trial this property had not been redeemed.
Sometime in 1975 when defendant returned to Winn Parish, he was first informed by plaintiffs that a mistake had allegedly been made in the property description. Defendant had employed a surveyor to ascertain the limits of his purchase and the surveyor had apparently begun staking out the Booker tract instead of the Edwards tract when plaintiffs approached defendant and informed him that he had staked out the wrong land. This suit was instituted by plaintiffs on February 6, 1976.
By deed dated December 1, 1976, and filed for record on December 2, 1976, defendant conveyed the Booker tract to Barbara Ann Perry. At the time of this conveyance there had not been filed a notice of lis pendens in the mortgage records as provided by La.C.C.P. Art. 3752. Plaintiffs subsequently amended their petition and made Barbara Ann Perry a party defendant for the purpose of setting aside the conveyance from defendant to her as being prejudicial to their rights.
The legal principles applicable to a suit for reformation of a deed were recently summarized in Pipes v. Pipes, 343 So.2d 329 (La.App. 2d Cir. 1977), writ refused 345 So.2d 904 (La.1977)
Reformation of instruments is an equitable remedy and lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. It is a personal action-, even when applied to real estate, in which the burden is on the one seeking reformation to establish the mutual error or mistake by clear and convincing proof, parol evidence being admissible for this purpose. Evidence of mutual error must be strong and convincing. (Citing Merritt v. Hays, 237 La. 557, 111 So.2d 771 (1959).)
Further guidance is provided by the additional statement in Merritt that “proof of mutual error in a suit to reform must be clear and the strongest proof possible produced.”
The witnesses presented at trial all testified to the fact that plaintiffs and defendant discussed the proposed purchase by defendant of plaintiffs’ half interest in the Edwards tract when defendant visited Winn Parish shortly after his father’s death in December 1970. It could be inferred from the testimony that plaintiffs meant to convey to defendant their undivided one-half interest in the Edwards tract which they had purchased from Darnell and Naze-rine Edwards. There is no evidence to indicate that the parties ever discussed the property which is described in the act of sale of August 31, 1972 (the Booker tract).
On the other hand, the defendant’s testimony could be construed as being in conflict with his. Although defendant testified that he wanted to “buy back” what the plaintiffs had bought (an undivided half interest in the Edwards tract), he later testified that he meant to buy 10 acres of property from plaintiffs. This apparent discrepancy in defendant’s testimony would be explained if the Edwards tract was a 10 acre tract (which was apparently the case.)
However reasonable it would be to conclude that the parties intended to buy and sell a one-half interest in the Edwards tract, we are of the opinion that plaintiffs have failed to show by clear and convincing evidence that the act of sale of August 31, 1972, was not indicative of the contract existing between them and the defendant. It is incumbent on plaintiffs to show not only that the parties had a different antecedent agreement than that expressed in the act of sale, but also a high degree of proof is required as to the error in committing this agreement to writing. See Merritt v. Hays, supra.
*37 The record before us is totally devoid of any evidence which would explain how the description of the Booker tract found its way into the deed if the parties intended a conveyance of a half interest in the Edwards tract. Neither the notary who passed the act of sale nor the witnesses to it were called to testify. The plaintiffs did not attempt to explain in their testimony how the alleged mistake occurred. It cannot simply be presumed that there was merely a mistake in transcribing the property description when we are admonished to proceed with caution and to require clear and convincing proof of the highest degree. This is especially so in view of the presumption that “in sales of real property there is a strong presumption that the deed as executed properly describes the property conveyed.” Mire v. Miller, 140 So.2d 767 (La.App. 3d Cir. 1962).
Since we conclude that plaintiffs have failed to prove a case of mutual mistake of fact, we find the trial court reached the correct result in dismissing plaintiffs’ suit, and we need not address the additional allegations in relation to the sale of the Booker tract from Thadjius Edwards to Barbara Ann Perry.
For the foregoing reasons, the judgment appealed is affirmed at appellants’ costs.