CARAWAY, J.,
concurring.
hi concur in the result. The facts indicate that despite the express description of the location for the servitude in the original 1983 right-of-way grant, the appellees for years utilized an existing driveway lying totally outside that 90-foot grant. The use of that property must be viewed as only a precarious possession by appellees occurring with the permission of the Booker family. La. C.C. art. 3437; Robin v. Finley, 597 So.2d 178 (La.App. 3d Cir.1992). A servitude owned by appellees over the old driveway could not have arisen by estoppel. One can never be divested of his title to realty except in the manner prescribed by law, such as by deed, inheritance, or prescription. Monk v. Monk, 243 La. 429, 144 So.2d 384 (1962). One cannot lose or acquire real rights in an immovable through estoppel. Mere silence and delay cannot cause loss of title to property except by the effect of the laws of prescription. Merritt v. Hays, 237 La. 557, 111 So.2d 771 (1959). Appellees did not have a title to the old driveway granting them a servitude, nor had they acquired a predial servitude over that property by acquisitive prescription. Therefore, the appellant owed no obligation under La. C.C. art. 748 to bear any expense of relocation of an existing servitude.