OVERTON, J.
 

 Plaintiff is the owner 'of a tract of land, consisting of, approximately, 18.43 acres in the town of Hammond. The board of commissioners of Tangipahoa drainage district No. 1 let a contract to J. H. Sternberg, doing business as the Stern-berg Dredging Company, to dig a drainage canal. In digging the canal it was necessary to dig it through plaintiff’s property. This, the drainage district did, but without obtaining plaintiff’s consent to do so, and without expropriating a right of way. In digging it, the drainage district pursued a straight line across plaintiff’s property along the general contour of Ponehatoula creek, which crosses plaintiff’s property, intersecting the creek at some five or six places thereon. In doing this work, the drainage district took from plaintiff 4.54 acres of land, a part of which consists of the banks of the canal, where the waste dirt, from the excavations made, was thrown.
 

 The present suit is to recover damages, in the sum of $2,625, from the drainage district and the contractor, in solido, for the taking of plaintiff’s property, and for damages occasioned to that part of it not taken. The damages, sued for, are itemized as follows:
 

 Loss of two acres of land at $500 per acre..... $1,000
 

 Loss and damage to additional land by piling dirt and débris on same....................... 600
 

 Timber destroyed................................. 75
 

 Fence destroyed .................................. 50
 

 Decrease in value to entire tract of land...... 1,000
 

 Total ......................................... $2,625
 

 The trial court allowed plaintiff $617.60 for the damages suffered by him, with legal interest thereon from judicial demand until paid. The judgment does not specify for what items these damages were allowed. It is conceded, however, by both sides that the
 
 *371
 
 lower court allowed for the 4.54 acres of land, taken by the drainage district, $567.60, or allowed, for these acres, damages at the rate, approximately, of $125 an acre, and $50 for fencing destroyed.
 

 Defendants, who are the appellants herein, insist that these damages are excessive, and moreover that they should be offset by the benefits received by the remainder of plaintiff’s land. Plaintiff, on the other hand, in his answer to the appeal, prays that the judgment be increased to the full amount sued for, though in his brief asks that it be increased to $2,033, a smaller amount than that sued for, so as not only to allow a larger sum than that allowed by the trial court for the land taken, but also as to allow damages on the items rejected by the trial court.
 

 We are not prepared to hold that the trial court erred in allowing plaintiff judgment for $617.60 for all damages suffered by him. As to the 4.54 acres of land taken by the drainage district, which includes the acreage forming the banks of the canal on which dirt was thrown in digging it we think that $125 an, acre, the, amount apparently allowed 'by the trial court, was a fair valuation for the land taken at the time it was appropriated. While the land — that is, the entire tract — is in the town of Hammond, yet it is near the boundaries of the town, a fact which should be taken into consideration in fixing the value of the land. Moreover, the land was frequently flooded, at least to a considerable extent, prior to the time the canal was dug, by overflow from Ponchatoula creek. Plaintiff purchased a part of the land, in 1913, for $62.50 an acre, and another part of it, in 1916, for $60 an acre. It is true that plaintiff paid, $200 for a fraction over an acre of it in 1924, but this purchase was made to provide access to his land, and is no criterion of the value of the entire tract. A number of witnesses testified to the value of plaintiff’s land, but it is not clear whether most of them had in mind its value before the canal was dug or after it was dug, a fact which greatly weakens their evidence, since it is the value of the strip, at the time it was taken, that should be considered in fixing the damages for its taking. The witnesses who took the stand fixed the value of plaintiff’s land at different figures, ranging from $50, or less, to $200, and in one instance at from $200 to $250, though mostly at $200, an acre. In our view, $125 an acre for the strip taken, which admittedly is the amount allowed by the trial judge, who was doubtless familiar with the land, is a fair value for it at the time it was taken.
 

 Besides the damages allowed for the land taken, plaintiff is entitled to something for the fencing destroyed, which consists of that part of the fencing that was on the land now 9ccupied by the canal as it enters and leaves plaintiff’s property. We have concluded to allow plaintiff $50 on this item, which, as we appreciate it, is the amount allowed by the trial court.
 

 As relates to the claim for timber destroyed, there was none destroyed that was merchantable, save some that had, perhaps, a little value as cordwood. That value has not been established with sufficient certainty to justify the allowance of any part of this claim, even if the trees destroyed had not been on the land taken. But they were on that land, and must be considered as having been taken into account in fixing the value of the land appropriated. Hence, we have indirectly allowed plaintiff for the destruction of these trees, by allowing him the value of the land appropriated, of which they formed part.
 

 As relates to the damages claimed for the .decrease in value of the entire tract by digging the canal through it, the evidence establishes that there was no such decrease, and that instead of there having been such a decrease, the land, which is low and which was subject to overflow, has been benefited by the
 
 *373
 
 digging of the canal. This item cannot be allowed.
 

 Defendants seek to offset the damages suffered by plaintiff by the benefits that the remainder of the tract has derived from the enterprise. Defendants are not entitled to such an offset. Plaintiff is presumed to pay for these benefits by the taxes he pays on the land for the digging of the canal. He cannot be made to pay twice for the improvement — • once, by way of taxation, and again, by way of offsetting the damages he has suffered with the benefits that his land has received.
 

 Our conclusion is that the trial judge has done substantial justice between the parties, and that his judgment should not be disturbed.
 

 For the reasons assigned, the judgment appealed from is affirmed.