This is a suit for damages brought by Clovise M. Dupont against F.E. Thibodo, doing business under the trade name of Drainage Construction Company. Dupont alleged that his fruit and vegetable business, located on the Airline Highway in Jefferson Parish, was ruined because of the negligent manner in which the defendant executed a contract with the Jefferson Sewerage District No. 1, to lay a sewer line along the Highway and adjacent to plaintiff's place of business. Plaintiff itemizes his claim for $878.00 as follows:
"Loss of fruit and vegetables on hand when forced to close up on February 18th, 1940 .................... $ 20.00 Loss of profits — $4.50 per day for 24 days ............................................ 108.00 Loss of the business which he had built up over a period of fourteen months .......................... 750.00 --------- $878.00"
Defendant in his answer denied all responsibility for the damage alleged to have been sustained by the plaintiff.
After a hearing below there was judgment in plaintiff's favor in the sum of $250 and defendant has appealed to this Court. The plaintiff has answered the appeal seeking to have the award increased to the sum claimed in the petition.
The gravamen of plaintiff's complaint is that in the execution of defendant's contract with the Jefferson Sewerage District No. 1, he negligently permitted the soil which had been excavated to remain along the highway and in front of his place of business for twenty-four days, and that defendant caused the electrical current serving plaintiff's establishment to be disconnected and to so remain for a like period of time.
The law applicable to cases of this kind is as stated in Vidalat v. City of New Orleans, 43 La.Ann. 1121, 10 So. 175, 178, that "such inconveniences as may fairly and legitimately result from the making of needed public improvements must be submitted to by all citizens of incorporated towns and cities, without compensation; each individual citizen being supposed to be recompensed by the enhancement of the general welfare of the community. 2 Dill.Mun.Corp. (4th Ed.) § 990". In the Vidalat case the complaint was that the access to a public market, Pilie Market, was obstructed by the piling of excavated material on the banquette by a contractor engaged in paving an adjacent street, and that it was allowed to remain there unnecessarily long. In disposing of this contention the court said:
"While it is true that this condition of things [the obstruction of the banquette] was suffered to continue much longer than seemed necessary for a speedy and energetic accomplishment of the work, yet we cannot detect anything in the evidence that would justify us in the belief that either the city of the paving company was grossly negligent of their obligations, or willfully did the plaintiff an injury".
See, also, Municipal Corporations, Section 2708; 44 Corpus Juris, Page 451; New Orleans Gaslight Company v. A.L. Patterson Co. 12 Orleans App. 410.
According to the plaintiff, who is supported by several witnesses, the soil was piled in front of and obstructed the entrance to his fruit and vegetable stand for about twenty-four days and the electricity was disconnected for a similar period, with the result that plaintiff was obliged to abandon his business and finally sell the small building, in which it was conducted, for the sum of $40.
The defendant freely admits that there was dirt and lumber piled in front of the plaintiff's place of business, but does not concede that it remained there for as long as plaintiff claims. He contends, however, that no excavated material remained in front of the premises any longer than was absolutely necessary, and in so far as the discontinuance of the electric service was *Page 385 
concerned, it was only necessary that this condition exist for a few hours. Joseph Bautch, the service man of the Louisiana Power Light Company, testified that the current was not immediately reinstalled because of the objection of plaintiff's son who stated that the fruit stand would not reopen.
R.R. Steinwinder and Henry Kopp, employees of George Rice, the engineer of the Jefferson Sewerage District No. 1, entrusted with the supervision of the defendant's work, testified that it was customary to place the dirt from excavations alongside the trench from which it was removed and that such material is never carted away as plaintiff thought it should be, the custom being to replace the dirt as soon as the pipes have been laid in the trench.
While it is true that the plaintiff discontinued his fruit and vegetable business and subsequently sold the building for a small sum of money, we cannot escape the conviction that he was not particularly tenacious in his desire to continue it at that locality. In any event, the inconvenience and loss which plaintiff suffered was necessarily incident to the execution of defendant's contract with the Sewerage District for the installation of sewerage pipe, a public improvement which could not be effected without inconvenience to adjacent property holders and since we find no negligence on the contractor's part, the damage which plaintiff suffered is damnum absque injuria.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein dismissing plaintiff's suit at his cost.
Judgment reversed.