This is a suit against an alleged commercial partnership (a construction company) and the individual members thereof, insolido, for damages, as itemized in plaintiff's petition, resulting from "an unlawful and wanton trespass" (italics ours) as alleged in plaintiff's petition, by defendants in entering upon plaintiff's property situated in the Parish of Lafayette, Louisiana, and cutting therefrom trees, cutting fence wires and excavating large holes thereon, without plaintiff's knowledge or consent, in connection with a parish-wide drainage project. Plaintiff alleged in his petition (Article 9) that the work was done under the authority of the Department of Public Works of the State of Louisiana.
Exceptions of no right, and no cause of action were filed on behalf of defendants. *Page 391 
The exception of no cause of action was abandoned. After hearing evidence, the lower Court overruled the exception of no right of action. Defendants then filed an answer in the nature of a general denial. Thereafter, with leave of Court, the defendants filed an amended and supplemental answer, wherein they set forth that early in the year 1946 the Department of Public Works of the State of Louisiana entered into a contract with defendants, in connection with the aforementioned parish-wide drainage project. They pleaded specifically that whatever entry was made by the defendants on plaintiff's property was made under "the direction and authority, as representatives and agents of the Department of Public Works of the State of Louisiana", and resulted entirely from a compliance with the aforementioned public drainage contract. Under this state of facts the case was tried on its merits, and judgment was rendered in favor of the defendants, dismissing plaintiff's demand, with costs. From this judgment the plaintiff appealed.
[1] In the course of the trial defendants offered in evidence the contract between the Department of Public Works and defendants, which the learned trial judge admits in his written reasons for judgment he erroneously kept from the record upon objection to the introduction thereof by counsel for plaintiff. As he says in his reasons for judgment "in view of the parole evidence in the transcript it is of no moment". In this statement, and with respect to this holding, we concur. The facts clearly disclose that the defendants were engaged in the furtherance or carrying out of a public drainage project in the Parish of Lafayette under a contract between the said defendants and the Department of Public Works at the time of the alleged trespass when plaintiff's fence was cut, and a "dozer" was driven unto plaintiff's property, trees were uprooted and a right-of-way was cleared along one side of a coullee or natural drain traversing plaintiff's property, all without his knowledge or consent. The work was being done under the supervision of an engineer of the Department of Public Works, who had put in stakes showing the course and the levels to be followed in carrying on the work. Neither was it alleged, nor was it proved, that defendants exceeded their authority or were negligent in the performance of their duties in connection with the contract. It was stipulated by the parties that neither defendants nor the Police Jury of the Parish of Lafayette had obtained a right-of-way, either written or oral, to go unto the property of plaintiff.
Plaintiff bases his claim under the provisions of Article 1, Section 2 of the Constitution of the State of Louisiana of 1921, prohibiting the taking of private property without adequate compensation. The trial Judge, we think, erroneously held that in a case such as is here presented, Article 16, Section 6 of the Constitution, is an exception to Article 1, section 2. The pertinent part of Section 6 provides:
"Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes (italics ours) * * * shall be paid for at a price not to exceed the assessed value for the preceding year * * *."
[2] It is unmistakably clear that Section 6 has reference to drainage in connection with the levee system of the State. It has no application to a general drainage project in which a levee is not involved. We are fortified in this position by an expression of our Supreme Court in the case of Thibaut v. Board of Commissioners, 153 La. 501, 502, 96 So. 47, 48, where it is said:
"When the act of 1922 is considered in its entirety, it at once becomes evident that the purpose which the Legislature had in view was to better enable the district to accomplish the purpose of its creation. That purpose, as appears from Act 13 of 1892, was not to construct and maintain a system of drainage, as a drainage district does, but to construct and maintain a system of levees for the purpose of protecting the lands therein from overflow, and, as a part of that purpose, implied in the express power granted to build and maintain levees, to construct such drainage as might be necessary for the building and maintenance of levees, that is to say,levee drainage, the kind of drainage sanctioned by article 16of the Constitution, and not drainage *Page 392 for the reclamation and improvement of land. (Italics ours.) It was that purpose alone — that is, levee drainage — that the Legislature had in view, when it authorized the board of commissioners of the district, by the act of 1922, to issue the bonds for drainage and levee purposes."
In view of the above, we do not feel that the levee and drainage district cases cited and relied on by the lower Court are in point.
While the case of Petit Anse Coteau Drainage Dist. v. Iberia V. R. Co., 124 La. 502, 50 So. 512, gives an exhaustive review of the drainage laws up to 1909, we do not believe that case to be in point. We, too, would appreciate the opportunity to review the drainage laws of the State, but feel that in so doing we would perhaps confuse, rather than clarify the issue, as we do not believe such a course to be necessary to the decision of this case.
[3] From the above, it is manifest that we must also disagree with our learned brother below who held that the provisions of Section 1 of Act 61 of 1904 are applicable to the case under consideration. It is not shown here that the work is that of a levee or drainage district. Accordingly, the provisions of that law do not apply to this case.
[4, 5] We are thoroughly in accord with the holding of the trial Judge that "the State cannot be sued ex delicto for damages arising during the performance of a governmental function, and this immunity descends to its representatives and agents, unless such agents are negligent. The defendants herein were not charged with negligence, and no negligence was proved." The trial Judge held that the defendants did not stand, in this case, as trespassers or tort-feasors, but stand in the shoes of the Department of Public Works; and precisely in the same position as that agency would stand if it had done the work directly, without the intervention of defendants, and were now at the bar instead of defendants. Connell v. Y. M. V. R. R., 141 La. 701, 706, 75 So. 652. It seems uncontrovertible that the Department of Public Works under the provisions of Section 2 of Act 2 of 1942, as amended by Section 1 of Act 27 of 1944, and Section 10 of Act 2 of 1942, as amended by Section 2 of Act 27 of 1944, had every right and authority to undertake the project out of which this claim arose. Further, as was said by the trial Judge, "It is essential that the agents or representatives of the State be granted such immunity that their principal possessed, otherwise, since the State could not be sued, its agents or representatives would be continually harassed by damage claims and suits. Under such a condition, would the State be able to obtain contractors to perform governmental functions? The answer is self-evident. The State would be compelled to perform all drainage work itself which would necessarily entail thousands of employees and the purchase and maintenance of costly equipment."
[6] We believe that the case of Dupont v. Thibodo, La. App.,5 So.2d 383, is authority for holding that a contractor prosecuting a governmental function for a governmental agency is responsible only when it is shown that the work was carried out in a negligent manner. City of New Orleans v. Drainage Commission of New Orleans, 1 Orleans. App., page 24 and 2 Orleans App. 3.
[7] Under the particular facts of this case, and the jurisprudence above referred to we believe that the trial Judge correctly rendered judgment in favor of defendants and against plaintiff, dismissing plaintiff's suit, at his costs. Accordingly, the judgment of the lower Court is affirmed, at appellant's costs.
ELLIS, J., absent. *Page 393