JONES, Judge ad Hoc.
This is a suit for damages, which it is alleged resulted from an unlawful trespass by the defendant on the plaintiff’s real property during the construction of a parish-wide drainage project. The defense to the suit is that whatever entry was made on the property of the plaintiff by these defendants was done so by them as representatives and agents of the Department of Public Works of the State of Louisiana, and pursuant to the direction and authority of said agency. From a judgment dismissing said suit the plaintiff has appealed.
The material facts and issues in this cause are the same as those presented in the case of Chargois v. Grimmett & James et al., which was decided by this court on the 30th day of June, 1948 — a rehearing having been denied on August 9, 1948. This case is reported in 36 So.2d 390.
 Just as in the Chargois case, the defendants here are representatives and agents of the state and they cannot be sued ex delicto for damages while carrying out a governmental function, unless it is shown that said agents were guilty of negligence. It is neither alleged nor proved that the defendants were guilty of negligence and, since here the defendants stand in the same relative position as the State, or the Department of Public Works thereof, they cannot be held liable for trespass because they are granted the same immunity as is applicable to the State. The record is bare of any negligence by these defendants in connection with the work and, accordingly, they cannot be held liable herein for the reason that they were prosecuting a governmental function for a governmental *374 agency. See Dupont v. Thibodo, La.App., 5 So.2d 383.
Accordingly, the judgment of the lower court is affirmed at appellant’s costs.