PONDER, Justice.
The plaintiff is appealing from a judgment sustaining exceptions to the jurisdiction of the court ratione personae and immunity of the State from suit.
The plaintiff brought suit against the State through the Department of Highways to recover $5,000 for a strip of land alleged to have been appropriated by the Department of Highways, without his consent and without compensation, and for damages occasioned by the taking and to annul a right of way deed alleged to have been given by the plaintiff to the Department of Highways without consideration and containing *1034 no specific description of the property conveyed. The State of Louisiana through the Department of Highways interposed exceptions to the jurisdiction of the court ratione personae and that the state was immune from suit because its consent had not been obtained.
The petition is inartistically drawn but it is apparent that the suit was directed-against the Department of Highways for the reason that the citation and service of the petition was made only on the Department.
The defendant contends that this is a suit against the State of Louisiana and that if the State is not immune from suit that it must be sued in East Baton Rouge Parish.
In our opinion the suit is not against the State proper but against the agency, Department of Highways, for value of property and damage occasioned by the taking in an alleged appropriation made by this agency and to annul a right of way deed given to it.
Private property cannot be taken or damaged for public purposes without adequate compensation. Article 1, Section 2 of the Louisiana 'Constitution of 1921. This is not an action ex delicto and the rules applying to those actions are not applicable. Legislative authorization to bring suit against the Department of Highways is not required in suits involving appropriation of lands for public purposes by that agency. Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169. See also Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666.
It is not contended herein that the Department of Highways cannot be sued at the situs of the property alleged to have been taken.
For the reasons assigned, the judgment is reversed and set aside, the plaintiff’s suit is reinstated and the case is remanded to be proceeded with according to law and consistent with the views herein expressed.