127 So.2d 774 (1961)
Eraste BERNARD, Plaintiff and Appellee,
v.
STATE of Louisiana, DEPT. OF PUBLIC WORKS, Grimmett & Janes et al., Defendants and Appellants.
No. 58.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1961.
Rehearing Denied March 29, 1961.
*775 Jack P. F. Gremillion, George M. Ponder, John L. Madden, Ernest R. Eldred, by Ernest R. Eldred, Baton Rouge, for defendants-appellants.
Davidson, Meaux, Onebane & Donohoe, by Richard C. Meaux, Lafayette, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
*776 HOOD, Judge.
This suit was instituted by Eraste Bernard against the State of Louisiana, through the Department of Public Works, the Police Jury of the Parish of Lafayette, Grimmett & Janes Construction Company, and others, to recover the value of land alleged to have been taken by said defendants for public purposes and for damages alleged to have resulted from the taking. After trial of the case on its merits the trial court rendered judgment in favor of plaintiff and against the State of Louisiana, through the Department of Public Works, condemning said defendant to pay unto plaintiff the sum of $820, and dismissing this suit as to all other defendants. The State of Louisiana, through the Department of Public Works, has appealed from that judgment, but plaintiff has neither answered the appeal nor has he taken an appeal from the judgment dismissing his suit as to other defendants.
In 1946 the Police Jury of Lafayette Parish requested state assistance in carrying out a drainage project in that parish. Pursuant to that request, the Department of Public Works entered into a contract with Grimmett & Janes Construction Company for the widening of certain natural drains and the construction of drainage canals in Lafayette Parish. Under the terms of this contract, the work was to be performed by the construction company under the direction and supervision of the Chief Engineer, Department of Public Works, or his authorized representative, and payment of the amount due for such work was to be made from state funds. The Lafayette Parish Police Jury was not a party to this contract.
Pursuant to the provisions of the contract, the Police Jury pointed out to the Department of Public Works the natural drainage areas in that parish, and the Department then designed the size and depth of the ditches and thereupon directed the contractor to construct them in accordance with those specifications.
Plaintiff at that time owned a tract of land in Lafayette Parish containing approximately 41.22 acres, which property was bounded on the north by a public gravel road, the property having a frontage of 1,082 feet along that road. As a part of the drainage program conducted by the Department of Public Works, Grimmett & Janes Construction Company constructed a drainage canal along the entire north edge of plaintiff's property, the canal being located along the south side of and adjacent to the public gravel road. The width of the top of this canal after its completion ranged from 24 to 34 feet. The dirt removed in constructing it was dumped on plaintiff's property south of the canal, creating spoil banks along the entire north edge of plaintiff's property, approximately 3 feet high and 30 feet wide. A berm approximately 18 feet wide was left between the toe of the spoil bank and the south edge of the drainage canal.
Prior to the construction of this canal there existed along the north edge of plaintiff's property a "road ditch" which was designed primarily for draining water off the roadbed. The canal constructed under the direction of the Department of Public Works, however, was much wider and deeper than the road ditch which formerly existed at that location, and it connected with another drainage system draining much greater areas of land than was drained by the road ditch which it replaced.
Plaintiff did not at any time consent to the construction of this drainage canal and no right-of-way for such a canal was ever obtained by the Police Jury, the Department of Public Works, or anyone else covering the land affected by the canal.
Appellant contends, primarily, that plaintiff is not entitled to maintain this action against the State of Louisiana, through the Department of Public Works, since the Legislature has not authorized the filing of such a suit under the provisions of Article III, section 35, of the Louisiana Constitution, LSA. The record indicates that no *777 such authority was obtained from the Legislature prior to the institution of this action.
The principle that the sovereign cannot be sued in its own courts without the consent of the Legislature is so fundamental that citation of authorities is unnecessary. Article I, section 2, of the Constitution, however, provides in part that:
"* * * Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."
In view of this provision of the Constitution, it has been established that where private property has been appropriated by the State "for public purposes," the right of the owner to recover adequate compensation will be entertained by the courts as an exception to the principle that the sovereign cannot be sued without its consent. Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666; Scorsune v. State, 224 La. 1031, 71 So.2d 557; Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594; Murff v. Louisiana Highway Commission, 2 Cir., 19 La.App. 847, 140 So. 863; Pelt v. Louisiana State Live Stock Sanitary Board, La.App. 1 Cir., 178 So. 644; Cope v. Louisiana State Live Stock Sanitary Board, La.App. 2 Cir., 176 So. 657; Peart v. State, La.App. 3 Cir., 125 So.2d 673.
In Angelle v. State, supra, the Supreme Court, after stating that an action against the State for compensation may be maintained without Legislative authority where private property has been appropriated by the State for public purposes, said [212 La. 1969, 34 So.2d 323]:
"In view of this, it becomes necessary to determine the meaning of the constitutional prohibition against the taking or damaging of private property `except for public purposes.' We think that the statement refers exclusively to the power of eminent domain, i. e., the intentional or purposeful expropriation or appropriation of private property for a public use or convenience. * * *"
In Duree v. Maryland Casualty Co., supra, the Supreme Court said [238 La. 166, 114 So.2d 596]:
"* * * it is well settled that, except in eminent domain actions, the state cannot be sued without its consent * * *."
Appellant contends, however, that this is a tort action, rather than a suit for compensation for property appropriated by the State for public purposes. Accordingly, it is argued that the exception to the rule relating to the State's immunity from suit, as set out in the above cited cases, is not applicable here. In support of this argument counsel for appellant cites: Cobb v. Louisiana Board of Institutions, 229 La. 1, 85 So.2d 10; Chargois v. Grimmett & James, La.App. 1 Cir., 36 So.2d 390; Cormier v. Grimmett & Janes, La.App. 1 Cir., 44 So.2d 373.
In Cobb v. Louisiana Board of Institutions, supra, the plaintiff instituted a suit for damages against the Louisiana Board of Institutions and the State of Louisiana for the death of cattle which allegedly resulted from eating molasses purchased from the State Penitentiary. The court held that the suit was one for a breach of contract and that such an action could not be maintained against the State without the consent of the Legislature. Since the Cobb case was not a suit for compensation for property appropriated for public purposes, it has no application here.
The Chargois and Cormier cases, supra, apparently arose out of the same parishwide drainage project which gave rise to this suit. In each of those cases the landowner instituted an action "ex delicto for damages" against the contractor. Neither the State nor the Department of Public Works was made a party-defendant. No acts of negligence on the part of the contractor *778 or any of its agents were alleged or proved. The Court of Appeal, First Circuit, held that the State cannot be sued ex delicto for damages without its consent, and that this immunity extended to the defendant-contractor as an agent of the State, unless such agent was negligent.
We distinguish the instant suit from the Chargois and Cormier cases because here the action is clearly one against the State for compensation for property appropriated by the State for public purposes. This is apparent from Art. IX of plaintiff's petition which alleges that "the taking of plaintiff's property by the Police Jury of the Parish of Lafayette, Louisiana constituted a taking for public purpose and plaintiff is entitled to compensation therefor." Article X of the petition, as amended, alleges in part: "That the said action of the State of Louisiana, the Department of Public Works constituted a taking of plaintiff's property for public purposes, i. e., the digging of a drainage canal for the benefit of the public, for which the plaintiff is entitled to compensation therefor." And, in Article X-A of the petition, as amended, plaintiff alleges: "That the State of Louisiana, the Department of Public Works of the State of Louisiana and the Police Jury of the Parish of Lafayette, actually arranged for and directed the work of the said contractors, and took plaintiff's property under the circumstances described in the original petition, for public purposes without any compensation whatsoever." The amounts claimed by plaintiff, as itemized in Article XI of his petition, include a claim of $200 for the "taking of two acres for public purposes," the "cost of constructing a bridge," and the "depreciation of the value of petitioner's property as a whole resulting from the canal or ditch," all of which are the items of compensation and severance damages usually demanded by the landowner in expropriation proceedings.
In our opinion this is an action for compensation for property appropriated by the State for public purposes, and for that reason, the action may be maintained against the State of Louisiana, through the Department of Public Works, without the necessity of obtaining the consent of the Legislature.
Appellant further contends that even if plaintiff's action is not founded in tort, he cannot recover from the State because the action of the Department of Public Works in appropriating a portion of plaintiff's land for drainage purposes was an exercise of the State's "police power," and that under those circumstances no compensation is due plaintiff for the land taken. In support of that contention, appellant relies on Petit Anse Coteau Drainage District v. Iberia & V. R. Company, 1909, 124 La. 502, 50 So. 512; Sarpy v. Hymel, 1888, 40 La.Ann. 425, 4 So. 439; State v. Jackson, 1922, 152 La. 656, 94 So. 150, and Dupont v. Thibodo, La.App. Orleans, 5 So.2d 383.
In Petit Anse Coteau Drainage District v. Iberia & V. R. Company, supra, the plaintiff drainage district sought to widen, deepen, and straighten a natural drain. Work on this project was delayed because the defendant's railroad bridge constituted an obstruction of the coulee, preventing plaintiff's dredge boat from continuing its operations. The drainage district obtained an injunction ordering the defendant railroad to desist from obstructing this drainage work, and thereupon, continued with the drainage project. The defendant railroad demanded that it be compensated for the land taken in that drainage program. The Supreme Court held, however, that the widening and deepening of natural drains is within the "police power" of the State, and that the landowner is not entitled to be compensated for property taken in widening and deepening these drains.
The Petit Anse Coteau Drainage District case was decided in 1909, and although it does not appear ever to have been overruled, the later jurisprudence is to the effect that the landowner is entitled to compensation for property appropriated under circumstances similar to those presented in that case. Even in that case, however, *779 the court recognized that the landowner is entitled to compensation for property taken when new drains are cut, as in the instant suit, the language of the court to that effect being [124 La. 502, 50 So. 518]:
"* * * It is true that the law (which has been quoted) contemplates the expropriation of property, and payment therefor, when new drains are cut, but we do not understand it to mean that the owner of land through which an old, natural, drain passes is to be compensated for such shovelfuls of earth as are removed in making such drain efficient." (Emphasis added.)
None of the other cases relied on by appellant are applicable to the issues presented here. In Sarpy v. Hymel, supra, the action was between two adjoining landowners, one claiming a right of drainage over the land of the other. No issue was presented as to whether a landowner was entitled to compensation for lands appropriated by the State for drainage purposes. The case of State v. Jackson, supra, involved a criminal prosecution for unlawful possession for sale of intoxicating liquors, and is inapposite to the instant suit. In Dupont v. Thibodo, supra, plaintiff instituted suit for damages resulting from a loss of business because of the alleged negligent manner in which a contract to lay a sewer line was executed. Plaintiff did not seek compensation for property appropriated for public purposes.
In Martin v. Gravity Drainage District No. 14, La.App. 1 Cir., 143 So. 93, plaintiff sought to recover compensation and damages for property taken by the drainage district in widening an old artificial ditch and in creating spoil banks. Plaintiff's demands were rejected because he failed to show the amount of land taken or the damages sustained but the court specifically recognized that upon proper proof as to the amounts due plaintiff would be entitled to recover the value of property taken for that purpose and the damages which he may have sustained as a result of the taking.
In Brittingham v. Board of Commissioners of Drainage District No. 1, 167 La. 368, 119 So. 259, the defendant drainage district constructed a drainage canal on plaintiff's property without his consent, and plaintiff sued to recover the value of the land taken and severance damages. The Supreme Court held that plaintiff was entitled to recover the value of the land affected by the canal and spoil banks, plus an additional sum of money for fencing which had been destroyed.
We think a correct statement of the law is contained in 18 American Jurisprudence, Eminent Domain, Section 283, which reads as follows:
"A landowner whose lands are appropriated for a drainage ditch or sewer is entitled to the value of the land appropriated and the damages to other lands. In estimating the damages from a sewer construction, the fact that the owner may still apply the premises to any use not inconsistent with the existence of the sewer must be considered. The market value of land taken for the construction of a canal is the measure of compensation to the owner of such land, together with damages and loss resulting plainly and immediately from the making of the canal."
Also, in 18 American Jurisprudence, Eminent Domain, Section 11, is found the following statement which we consider to be correct:
"* * * While it is true that the courts will sustain a rather drastic interference with property rights if the statute authorizing such interference is enacted in behalf of the public health, morals, or safety, it does not follow that every such enactment is an exercise of the police power. If private property is actually appropriated for a hospital, a prison, or to abolish a dangerous grade crossing, it is the power of eminent domain, and not the police power, that is invoked."
*780 In Gallett v. City of Sulphur, La.App. 1 Cir., 85 So.2d 721, the court held that the laying of a sewer line across an individual's property amounts to a "taking" or a "damaging" within the meaning of Art. 1, Section 2, of the Louisiana Constitution for which the landowner is entitled to be compensated. See also Scott v. Red River-Bayou Pierre Levee & Drainage District, La.App. 2 Cir., 7 So.2d 429.
In our opinion the appropriating of plaintiff's property in this case for drainage purposes does not constitute the exercise of the State's "police power," entitling the sovereign to take such property without compensating the owner. On the contrary, we conclude that the appropriation involved here constitutes the "taking" or "damaging" of property for public purposes, and that plaintiff is entitled to recover just and adequate compensation for the taking.
The evidence establishes that 1.848 acres of plaintiff's land was affected by the excavation and the spoil banks. The land was valued at $100 per acre at the time of the taking, so plaintiff is entitled to recover the sum of $184.80 as the value of the property affected. The digging of this canal made it necessary for plaintiff to construct a bridge over it in order to have access to the public road, which bridge was constructed at a cost of $60. He is entitled to recover that additional amount from appellant.
The trial judge awarded plaintiff the total sum of $820. His reasons for judgment do not indicate how he arrived at this figure, but we assume that $244.80 was allowed for the value of the property taken and the cost of constructing the bridge, and that the remaining sum, amounting to $575.20, was allowed as severance damages to plaintiff's remaining property.
Although plaintiff claims, and witnesses called by him were of the opinion, that substantially more severance damages were sustained, the evidence does not and perhaps cannot establish with certainty the amount of severance damages which may have been sustained. We are convinced, as was the trial judge, that the digging of this drainage canal along the entire frontage of plaintiff's property, together with the placing of spoil banks along that canal, renders the property less desirable as a home place, farm or pasture, and accordingly reduces its value. We are unable to say that the trial judge committed any manifest error in fixing the severance damages at $575.20.
Appellant contends that if it is compelled to compensate plaintiff for the property affected by the canal and spoil banks, it is entitled to be decreed to be the owner of such property. Appellant, in our opinion, is not entitled to the full ownership of that property, but it is entitled to a servitude for drainage purposes over, along and through that portion of plaintiff's property which is affected by the actual excavation which was made for the drainage canal. No prayer to that effect was included in appellant's answer, but we feel that its prayer for general and equitable relief would entitle it to such a decree.
Appellant further contends that the trial court erred in assessing the Department of Public Works with the costs of plaintiff's expert witnesses, citing LSA-R.S. 13:4521 as authority for that contention. We do not interpret that section of the Revised Statutes as relieving appellant from the payment of these fees. On the contrary, we are convinced that they should be included as costs and as such must be paid by appellant, since a tender of the true value of the property appropriated was not made prior to the taking. LSA-R.S. 19:12; State, Through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869; State, Through Department of Highways v. Rownd, La.App. Orleans, 119 So.2d 282.
For the reasons herein set out, therefore the judgment of the trial court is amended by decreeing that appellant is the owner of *781 a right-of-way or servitude for drainage purposes only over, along and through that portion of plaintiff's property which at the time of trial was affected by the actual excavation made under the direction of appellant in constructing the drainage canal as hereinabove described. Except as herein specifically amended, the judgment of the trial court, including the award to plaintiff of $820 with legal interest from date of judicial demand until paid, is affirmed. All costs of this suit, including the costs of this appeal, are assessed to appellant.
Amended and affirmed.

On Application for Rehearing.
Rehearing denied, en Banc.