NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1157 consolidated with 14-1158

STATE OF LOUISIANA, DEPT. OF TRANSPORTATION & DEVELOP.

VERSUS

KNOLL & DUFOUR LANDS, LLC

consolidated with

STATE OF LOUISIANA, DEPT. OF TRANSPORTATION & DEVELOP.

VERSUS

GLENN F. DAUZART, ET UX.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-6318 C/W 2011-6477
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED AS AMENDED.

**Jerold Edward Knoll**
**Laura Bishop Knoll**
**The Knoll Law Firm, LLC**
**P. O. Box 426**
**Marksville, La 71351**
**(318) 253-6200**
**COUNSEL FOR DEFENDANT-APPELLEE:**
   **Knoll & Dufour Lands, LLC**
   **Glenn Dauzart and Barbara Dauzart**

**Bernard L. Knobloch, Jr.**
**Department of Transportation and Development**
**P. O. Box 94245**
**Baton Rouge, LA 70804-9245**
**(225) 242-4617**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
   **State of Louisiana, Department ofTransportation & Development**

**PICKETT, Judge.**

In this expropriation case, the State of Louisiana, through the Department of Transportation and Development (DOTD), appeals the judgment of the trial court awarding compensation for the value of land taken for construction of a new highway.

## STATEMENT OF THE CASE

This is the second time these parties have appeared before this court in this matter. After the second trial in this matter, the trial court awarded Knoll & Dufour Lands $164,720.00, including $158,000.00 for the trees taken from the land, for a 0.533 acre tract (Parcel No. 2-1) that DOTD expropriated for the construction of a new route for Highway 105 in Avoyelles Parish. The parcel of land was a portion of a larger tract of land owned by Knoll & Dufour consisting of over 300 acres. The trial court awarded Glenn Dauzart and his wife Barbara Dauzart $33,051.00, including $30,000 for certain trees taken, for a 0.639 acre tract of land (Parcel No. 2-2). The land taken from the Dauzarts was immediately behind their family home. Before the rerouting of the highway, the front of the Dauzarts' home faced the highway; the new highway is immediately behind their home. In *State of Louisiana, Department of Transportation & Development v. Knoll & Dufour Lands, LLC*, 13-399, 13-400 (La.App. 3 Cir. 10/23/13), ___ So.3d ___, we affirmed much of the trial court's judgment, including the awards for severance damages, improvements on the land expropriated, and additional damages. But we found that the trial court erred in its valuation of the land taken for two reasons:

> We find that the trial court committed both manifest error and legal error. The legal error occurred when the trial court admitted into evidence and then relied on the GIBKO Report, which formed the

main basis for Mr. Wilbanks['] expert testimony as to the total value of Parcel No. 2-1. Utilizing the GIBKO Report, Mr. Wilbanks simply added the value of the trees to the fair market value of the property, which is in direct contradiction to the supreme court's ruling in [*State, Department of Highways v.*] *Glassell* [, 22 La. 988, 77 So.2d 881 (La.1955)] and is manifestly erroneous.

*Id.* at ____.

Because the record contained insufficient evidence to make a determination of the value of the trees, this court remanded the case to the trial court to allow the parties to present evidence "as to how much the trees contribute to the total value of the land taken, in accordance with *Glassell*[.]" *Id.* at ____. For the same reasons, we reversed the valuation of Parcel No. 2-2 taken from the Dauzarts. *Id.* We also reversed the award of attorney fees and ordered the trial court to recalculate the attorney fees award based on the revised award of the valuation of the land in accordance with La.R.S. 48:453(E). *Id.*

On remand, the trial court heard evidence from four experts. The trial court awarded Knoll & Dufour $60,220.00, including $53,530.00 for the value of the trees. The trial court awarded the Dauzarts $33,051.00, including $30,000.00 for the value of the trees and other landscaping. The trial court also amended the award for attorney fees. DOTD now appeals.

## ASSIGNMENTS OF ERROR

DOTD asserts four assignments of errors:

1. The trial court erred in admitting the testimony by Mr. Dufour and Mr. Burns as to the value of the trees.

2. The trial court erred in adopting Mr. Willbanks'[] contributory value for the trees.

3. Based on Mr. Wilbanks['] testimony, the trial court erred in calculating the contributory value of the trees and landscaping to the Knoll & Dufour property.

2

4.     Based on Mr. Wilbanks['] testimony, the trial court erred in calculating the contributory value of the trees and landscaping to the Dauzart[s'] property.

## **DISCUSSION**

The trial court's valuation of property in an expropriation case is a factual determination subject to the manifest error standard of review. *W. Jefferson Levee Dist. v. Coast Quality*, 93-1718 (La. 5/23/94), 640 So.2d 1258. The trial court's decisions in weighing the evidence of contradictory witnesses and experts are also subject to the manifest error standard of review. *Id.* "Where the experts disagree as to the value of the land taken, the trial court has much discretion in evaluating and determining the weight to be given to each expert." *Id.* at 1277.

*Parcel No. 2-1*

In this case, the trial court heard from four expert witnesses and from Mr. Dauzart. The first witness to testify was Jody Morevant, the real estate appraiser who did the original appraisal for DOTD in 2010. With regards to Parcel No. 2-1, Mr. Morevant testified that the value of the land taken from Knoll & Dufour was $7,468.00. Of that value, he ascribed $1,072.00 to the value added because of the landscaping on the property. He arrived at his valuation by comparing sales of similar properties in Avoyelles Parish. On cross examination, he admitted that one other property he used to arrive at his valuation did not have any trees on it and had been purchased as assemblage by an adjacent land owner.

According to Mr. Dauzart, the trees on Parcel No. 2-1 included a large cypress tree, five live oak trees, two large pecan trees, and several smaller pecan trees. He testified that DOTD removed all but two of the oak trees, and those were severely pruned.

The second expert to testify was Michael Burns, a landscape horticulturist. Mr. Burns testified that it would cost $30,000.00 to replace the trees removed from the Knoll & Dufour property. On cross examination, he admitted that he was unqualified to render an opinion as to the value of the land. He could only tell the court what he believed it would cost to replace the trees removed by DOTD.

The third expert to testify was Joseph Dufour, an arborist and real estate agent who co-owned Parcel 2-1. Mr. Dufour testified that Parcel No. 2-1 was at the entrance of a 300 acre tract of land he co-owned. This entrance at Highway 105 was the only part of the entire tract that had any trees on it, the rest being farmed acreage. He also testified that he intended to have his children build a home on the tract of land taken by DOTD, which was no longer possible. In his opinion, the loss of the trees on Parcel No. 2-1 devalued the entire 300 acres by $175,000.00, because there is no longer a shaded area for a homestead.

The final expert to testify was Henry Greg Wilbanks, Jr., a real estate appraiser. Mr. Wilbanks testified that he did not find any sales of comparable properties in Avoyelles Parish to set the value the trees on Parcel No. 2-1 added to the property. Based on his twenty years of experience, though, he opined that the trees on the Knoll & Dufour property added $25,000.00 to $30,000.00 an acre to the value.

The trial court specifically adopted Mr. Wilbanks' opinion in setting the value of Parcel No. 2-1. It awarded $6,720.00 for the value of the land plus $53,500.00 for the added value contributed by the trees on the land, for a total of $62,220.00.

DOTD argues in its first assignment of error that the opinions of Messrs. Burns and Dufour should not have been admitted, as they were irrelevant to the

question before the court. They argue that the testimony of both experts valued the trees independently of the land. A trial court has broad discretion in determining whether expert testimony is admissible. *Cleland v. City of Lake Charles*, 02-805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645. Manifest error will only be found when the trial court relies on testimony which was improperly admitted. *Id.* Because the trial court did not rely on the testimony of either Mr. Burns or Mr. Dufour, we find any error in admitting their testimony was harmless.

In its second assignment of error, DOTD argues that the trial court erred in relying on Mr. Wilbanks' testimony. DOTD does not question Mr. Wilbanks' qualifications or methodology. It simply disagrees with his conclusions that the property at issue in this case has the highest value of any rural residential property in Avoyelles Parish. This argument fails, in part because it relies on evidence not before this court, namely the value of other property in Avoyelles Parish. We find no manifest error in the trial court's adoption of Mr. Wilbanks' opinion about the value the trees added to the land.

We do find merit in the third assignment of error. In its previous opinion, the trial court only reversed that portion of the judgment setting a value for Parcel No. 2-1 and 2-2. This court affirmed the award for severance damages, specifically for the two smaller parts of the larger 0.769 acre Knoll & Dufour tract from which the 0.533 acres were expropriated. Taking the high end of Mr. Wilbanks' range, at $30,000.00 per acre of additional value added by the trees, the highest amount the trial court could have awarded for Parcel No. 2-1 is $22,710.00 ($6,720.00 for the land plus $15,990 for the value added by the trees). We amend the judgment to this amount. We, likewise, amend the award to Knoll & Dufour of

attorney fees to reflect the decrease in the overall award pursuant to La.R.S. 48:453(E). This court previously affirmed an award to Knoll & Dufour of $21,632 for improvements and severance damages. With the amendment made here for the value of Parcel No. 2-1, the total award is $44,342.00. DOTD deposited $12,120.00 into the registry of the court. Thus, Knoll & Dufour is entitled to attorney fees of 25% of $32,222.00, or $8,055.50.

## *Parcel No. 2-2*

Mr. Dauzart explained that he had three red oaks, several fig, plum and pear trees that he had planted, and a large pecan tree. The trial court determined that the trees on the Dauzarts' property were "special crop plantings" because Mr. Dauzart had planted them, relying on the supreme court's decision in *Glassell*, 775 So.2d 881. In *Glassell*, the landowner sought compensation for thirty pecan trees on an expropriated tract. The supreme court stated:

> The pecan trees in the instant case were not grown on the land as a special crop by defendant; they are native pecans which have sprung up indiscriminately on different parts of the land. Therefore, their value cannot be regarded as constituting a separate item of damage to defendant and should have been considered by the judge only in determining the value of the land on which they were located. See Brittingham v. Board of Com'rs, 167 La. 368, 119 So. 259; Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565; Nichols on 'Eminent Domain', 3rd Ed., Vol. 4, Sec. 13.21 and 29 C.J.S., Eminent Domain, § 173, p. 1042. Clearly, an award of separate compensation for these pecan trees is unauthorized and would be inconsistent with LSA-R.S. 48:218 which provides, inter alia, that for any improvement of the landowner or any crops upon the land that are damaged or destroyed by the location of the highway right-of-way, '* * * the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop'.

*Id.* at 886.

There was evidence presented that the Dauzarts used the fruit from the trees to eat and to make pies and jams. There was no evidence, though, that the fruit of

6

the trees was a crop that the Dauzarts sold. The fruit from the trees was for personal use, not for profit. We find the trial court erred as a matter of law in finding that the crops were special crop plantings such that they should be valued separately from the land pursuant to *Glassell*.

Reviewing the case de novo, we find the appropriate measure of damages is the value added to the land by the landscaping on Parcel No. 2-2. Mr. Morevant testified that the entire Dauzart property was worth $8,668.00, $1,000.00 of which was attributable to the landscaping. Mr. Dufour testified that the trees on Parcel No. 2-2 added $35,000.00 to the value of the land. Mr. Wilbanks testified that the trees on Parcel No. 2-2 added $20,000 per acre to the value of the land. As the trial court did, we adopt the Mr. Wilbanks' estimate, and fix the value added to the 0.639 acres expropriated from the Dauzarts at $12,780.00. Thus, the award for the value of Parcel No. 2-2 is $15,831.00. Adding the amounts previously affirmed by this court, $214,032.00, the total award is $229,863.00. DOTD deposited $71,000.00 into the registry of the court. We award 25% of $158,863.00, or $39,715.75, as attorney fees pursuant to La.R.S. 48:453(E).

## CONCLUSION

The judgment of the trial court is amended to award Knoll & Dufour $22,710.00 as the value of Parcel No. 2-1 and $8,055.50 in attorney fees. The judgment of the trial court is further amended to award Mr. and Mrs. Dauzart $15.381.00 as the value of Parcel 2-2 and $39,603.25 in attorney fees. Costs in these consolidated appeals are assessed to the State of Louisiana, through the Department of Transportation and Development in the amount of $45.00.

**AFFIRMED AS AMENDED.**